The Honorable Bill J. Ford Banking Commissioner State Bank Department Tower Building —, Suite 500 323 Center Street Little Rock, Arkansas 72201-2613
Dear Mr. Ford:
This is in response to your request for an opinion on the following questions:
 (1) Is an Arkansas Industrial Loan Institution a "business corporation" according to Arkansas law or is it a separate type of financial institution organized within the terms of an "industrial loan institution" according to state statute?
 (2) May Arkansas Industrial Loan Institutions have branch locations? If they are authorized to have branch locations, where may such branches be located and must the industrial loan institution file a branch application with the Bank Commissioner for approval or disapproval of such an application? In addition, if industrial loan institutions are authorized to have branch locations but must receive approval for such from the Bank Commissioner and/or the State Banking Board, what would be the procedural requirements for such a process as far as reasons for approval or disapproval, based upon financial security of the institution, economic need, etc?
 (3) If Arkansas industrial loan institutions are authorized to have branch locations and are not required by law to submit the applications to the Bank Commissioner or receive approval for such, are they authorized to set up a branch business at any location, at will, throughout the state just as a regular business corporation may without regard to whether state regulatory authority being the Bank Commissioner and/or the State Banking Board, has considered the economic impact and financial soundness such a branching decision will have on the financial stability, etc., of the industrial loan institution involved?
Arkansas Code of 1987 Annotated 23-36-101 defines an industrial loan institution as:
[A]ny corporation organized under the general corporation laws of this state, which is engaged in lending money, to be paid in weekly, monthly, or other periodical installments or principal sums, as a business. However, this definition shall not be construed to include building and loan associations, commercial banks or savings banks, trust companies, credit unions, pawnbrokers, agricultural or livestock pools, rural credit unions, or farmers cooperative societies.
It may be concluded, in response to your first question, that an industrial loan institution is a business corporation to the extent that it has complied with procedures set forth under the general corporation laws of the State. See Section 1 of Act 111 of 1941; A.C.A. 23-36-101. However, a corporation that is authorized by the State Bank Commissioner to operate as an "industrial loan institution" pursuant to Act 111 of 1941, as amended (A.C.A.23-36-101 et seq.) is obviously subject to those provisions. It may be said that the institution is a "financial institution" in the sense that, in accordance with 23-36-101, it ". . . is engaged in lending money, to be paid in weekly, monthly, or other periodic installments or principal sums, as a business."
Your second question involves the authority of industrial loan institutions to have "branch locations." This matter is not specifically addressed in the body of law devoted, particularly, to industrial loan institutions. However, it must be recognized that while these institutions operate under the provisions of Act 111 of 1941, as amended (A.C.A. 23-36-101 et seq.), they are also subject to ". . . the procedure provided for the organization and government of ordinary corporations under the laws of this State." See Section 1 of Act 111 of 1941. As stated in A.C.A. 23-36-101, supra, the term "industrial loan institution" means "any corporation organized under the general corporation laws of this state." Thus, the "general corporation laws" must also be considered.
A.C.A. 4-26-103 (Section 3 of Act 576 of 1965, the "Arkansas Business Corporation Act") should be noted in this regard wherein it states in pertinent part as follows under subparagraph (b): In respect to all corporations of any designated class that could be organized under this chapter but which are subject to the provisions of any other statute or statutes placing restrictions or conditions on the organization of these corporations, or providing for the regulation of corporations after organization, the provisions of this chapter shall apply to corporations only to the extent that this chapter is not inconsistent with the provisions of the other statute or statutes. This chapter is not intended to repeal, amend, or qualify any statutes of such character.
A.C.A. 4-26-204 sets forth the general powers of corporations organized under the general corporation laws, which include the following under subparagraph (b)(10):
 To conduct its business, carry on its operations, and have offices and exercise the powers granted by this chapter anywhere in the world.
It is well-established that statutes must be read in harmony unless conflicting clauses cannot be reconciled. Berry v. Gordon,237 Ark. 547, 376 S.W.2d 279 (1964). In the absence of a limitation evidenced under A.C.A. 23-36-101 et seq. with respect to industrial loan institutions' authority to locate offices, it may be successfully contended that A.C.A. 4-26-204(b)(10) offers authority for establishing branch locations.
A.C.A. 23-36-101 et seq. does not specifically address the location of offices or the procedure for establishing the same. While it therefore appears that the Bank Commissioner has no explicit authority to approve or disapprove branch applications, the Commissioner's supervisory function must be considered. A.C.A.23-36-105 states as follows:
 (a) Every institution transacting the business of an industrial loan institution as defined by this chapter, whether as a separate business or in connection with any other business, under the laws of and within this state, shall be subject to the provisions of this chapter and shall be under the supervision of the Bank Commissioner.
 (b) The commissioner may make, at any time and from time to time, any examinations of the affairs of securities affiliates or other affiliates of industrial loan institutions which are necessary to disclose fully the relations between the industrial loan institutions and their affiliates and the effect of the regulations promulgated by the commissioner on the affairs of the industrial loan institutions.
 (c) The commissioner shall exercise control of and supervision over industrial loan institutions doing business under this chapter. It shall be his duty to execute and enforce, through the state bank examiners and any other agents appointed for that purpose, all laws relating to industrial loan institutions as defined by this chapter.
 (d) For the more complete and thorough enforcement of the provisions of this chapter, the commissioner is empowered to promulgate and rules, regulations, and instructions, not consistent with this chapter, which may, in his opinion, be necessary to carry out the provisions of the laws relating to industrial loan institutions as defined in 23-36-101 and which may be further necessary to ensure safe and conservative management of industrial loan institutions under his supervision to provide adequate protection for the interest of creditors, depositors, and stockholders in their relations with the institutions.
 (e) All industrial loan institutions doing business under the provisions of this chapter shall conduct their business in a manner consistent with all laws relating to industrial loan institutions and all rules, regulations, and instructions that may be promulgated or issued by the commissioner.
Thus, it is clear that industrial loan institutions, unlike other corporations organized under the general corporation laws, are subject to the supervisory authority of the Bank Commissioner. The power of these institutions to "have offices . . . anywhere in the world" [A.C.A. 4-26-204(b)(10)] must be assessed in this context, since the pertinent statutes in this area will be read together and harmonized, where possible. And, as specifically noted under A.C.A. 4-26-103, supra, the general corporation laws are "not intended to repeal, amend, or qualify" any other regulatory provisions.
It may be concluded from the foregoing that the Bank Commissioner's supervisory authority extends to promulgating reasonable rules and regulations in the area of industrial loan institution branch office location. It is my opinion that such rules and regulations will not be deemed contrary to state law simply by virtue of the fact that they propose to in some manner regulate this area. While it appears that the institutions' power to locate offices does exist, the legislature has expressly empowered the Bank Commissioner to issue "rules, regulations, and instructions' "which may, in his opinion, be . . . necessary to ensure safe and conservative management of industrial loan institutions under his supervision. . . ." A.C.A. 23-36-105(d).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.